41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge ASTORGA, Defendant-Appellant.
 No. 93-3810.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 8, 1994.
Decided Nov. 14, 1994.
 
 Before COFFIN,* CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jorge Astorga was apprehended with two kilograms of cocaine in his truck. He says that the evidence is insufficient to convict him of conspiring to possess and distribute this drug, but the jury was entitled to believe that Astorga well knew what was in the package and what role he was playing. Astorga drove his truck to the scene of a drug transaction that others had arranged. When the buyer approached the truck, Astorga let him look at the package and, after the buyer had sniffed the contents, asked him whether "it" was "good." The buyer answered yes and said that he would return with the money within five minutes. Astorga replied: "All right." Reasonable jurors could believe that Astorga was a willing participant in the delivery of drugs.
 
 
 2
 Having denied guilt at trial and put the prosecution to its proof--and having argued on appeal that the evidence is insufficient to support the conviction--Astorga inconsistently argues that he is entitled to a two-level reduction for acceptance of responsibility. As we remarked recently, United States v. Gomez, 24 F.3d 924, 926 (7th Cir.1994), such a contention has no chance of success. It does not succeed today.
 
 
 3
 Finally, Astorga contends that as a "mere courier" he is entitled to a two-level reduction for a minor role in the offense. The district judge disagreed, and our review is deferential. United States v. Rosalez-Cortez, 19 F.3d 1210, 1218 (7th Cir.1994). Astorga may have been a minor player in a larger enterprise that had promised to deliver drugs in quantity after the success of the initial sale. But he was not a minor participant in that sale. The only cocaine attributed to him in the sentencing calculation was that in his truck when he was arrested. The judge excluded an additional kilogram that the sellers had agreed to deliver, but that according to another participant was unavailable because the man transporting the cocaine had made a mistake and had brought only two kilos. Whatever the right approach might have been had Astorga been held responsible for the larger quantities this drug ring promised at the time (three kilograms) or for the future (much larger quantities), there was no clear error or abuse of discretion in holding him fully responsible for the inventory on hand at the time of the arrest.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Of the First Circuit, sitting by designation